JIVAKA CANDAPPA (SBN 225919)
739 East Walnut Street, Suite 204
Pasadena, CA 91101
Telephone: (626) 345-5334
jcandappa@candappalaw.com

Attorney for Plaintiffs JORDAN COLE, FINESSE REED
and DAVID THOMAS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN COLE, FINESSE REED, DAVID THOMAS<br><br>　　　　　Plaintiffs,<br><br>　　　　　vs.<br><br>COUNTY OF BUTTE, DEPUTY DAN ANGEL, DEPUTY HUGH HOOKS, DEPUTY BRETT MARSTERS, DEPUTY TRACY PANUKE, SERGEANT JEFF YOUNG, DOE 1 through DOE 40, in their official and individual capacities,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**(42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiffs JORDAN COLE, FINESSE REED, and DAVID THOMAS hereby allege as follows:

**PARTIES**

　　　1.　　Plaintiff JORDAN COLE is 33-year old Caucasian male who resides in Chico, California.

　　　2.　　Plaintiff FINESSE REED is a 27-year old African-American female who resides in Chico, California.

3. Plaintiff DAVID THOMAS is a 30-year old African-American male who resides in Chico, California.

4. On information and belief, Defendant COUNTY OF BUTTE is a municipal corporation that owns, operates, and governs the BUTTE COUNTY OFFICE OF THE SHERIFF pursuant to the laws of the State of California.

5. On information and belief, DEPUTY DAN ANGEL, DEPUTY HUGH HOOKS, DEPUTY BRETT MARSTERS, DEPUTY TRACY PANUKE, SERGEANT JEFF YOUNG, and DOE 1 through DOE 40 were, at all times material to this Complaint, employees of Defendant COUNTY OF BUTTE and the BUTTE COUNTY OFFICE OF THE SHERIFF.

6. The true names of Defendants named as DOE 1 through DOE 40 are presently unknown to Plaintiffs.  Plaintiffs will further amend this Complaint, setting forth the true names of these DOE Defendants when they are ascertained.  Plaintiffs are informed and believe and on that basis allege that each of the DOE Defendants participated in the acts, as alleged in this Complaint.

7. On information and belief, Defendant County of Butte was at all times material to this Complaint responsible for the employment, training, supervision, and discipline of Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40.

8. On information and belief, Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40, sued here in their official and individual capacities, were at all times material to this Complaint duly employed, appointed and acting as sworn peace officers of the Butte County Office of the Sheriff, acting under color of law to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California and/or the County of Butte.  At all times material to this Complaint, Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 acted within the scope of their employment with Defendant County of Butte and the Butte County Office of the Sheriff.

9. Plaintiffs are informed and believe that each Defendant was the agent or employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed in

this Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

10. Plaintiffs are informed and believe that each of the Defendants caused, and is responsible for the below-described unlawful conduct and resulting injuries in that each of the Defendants participated in the unlawful conduct or acted jointly with others who did so; authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take action to prevent the unlawful conduct; failed and refused with deliberate indifference to Plaintiffs' rights to initiate and maintain adequate training and supervision; failed to prevent further harm to Plaintiffs; and/or ratified the unlawful conduct and actions by employees and agents under Defendants' direction and control, including failure to take remedial action.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. §§ 1331 and 1343.

12. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state claims brought in this action, which arise from a common nucleus of operative facts and from the same transactions and occurrences raised in Plaintiffs' causes of action under federal law.

13. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84 and 1391 because the events that gave rise to the claims alleged in this Complaint arose in the County of Butte and one or more defendants reside in the County of Butte or conduct business in the County of Butte.

## COMPLIANCE WITH CALIFORNIA TORT CLAIMS ACT

14. On January 14, 2013, Plaintiffs timely filed their respective notices of claim with the County of Butte pursuant to the California Tort Claims Act.

## STATEMENT OF FACTS

15. On or about July 26, 2012, at approximately 1:15 a.m., Defendants forcibly entered the home of Plaintiffs Jordan Cole and Finesse Reed. Mr. Cole, Ms. Reed and their friend David Thomas were held at gunpoint, handcuffed and detained for at least 45 minutes by

the Defendants.

16. Defendants did not have a warrant, were not given permission to enter, and there were no exigent circumstances justifying their forced entry.

17. Defendants first attempted to enter Plaintiffs' home by kicking down the front door. Defendants had their guns drawn when they attempted to force entry into the home. Defendants threatened to break the door down if Plaintiffs did not open the door and used profane language telling Plaintiffs to "open the fucking door now."

18. Defendants attempted to look into Plaintiffs' home by shining their flashlights through the windows.

19. One of the Defendants shattered the glass window on the door and opened the door by reaching in through the broken window. A Defendant aimed his gun at Mr. Cole threatening to shoot him. Another shouted out to his colleagues, "watch your crossfire, I got him in sight" thus intimating that one or more Defendants were about to shoot Plaintiffs.

20. The Defendants ordered Plaintiffs to get on the ground. Ms. Reed pleaded with the Defendants to explain their unjustified display of deadly force. In response one of the Defendants threatened to shoot her.

21. As all three Plaintiffs got down on the ground in fear for their lives, the Defendants rushed into Plaintiffs' home with their guns drawn and handcuffed Plaintiffs. The Defendants manhandled Plaintiffs and used excessive force in detaining them.

22. Plaintiffs were in their nightclothes when the incident occurred.

23. Plaintiffs were subjected to degrading, humiliating and intrusive searches by Defendants.

24. Defendants searched Mr. Cole and then slammed him to the concrete floor, which was littered with shards of broken glass.

25. Ms. Reed's top was pulled down during incident causing her breasts to be exposed during Defendants' search. Ms. Reed asked the male deputies who searched her to adjust her top so that she would not be physically exposed. The deputies ignored her requests. One of the Defendants told Ms. Reed, "You're lucky I don't pull you by the hair and slam you

1   to the ground." Finally, a female deputy on the scene adjusted Ms. Reed's top.

2       26.    A female deputy searched Plaintiffs' home using a canine. Other Defendants conducted a highly invasive and unnecessary search of the home.

4       27.    Furniture was upturned, drawers were emptied and contents strewn all over the floor, and cabinets were ransacked.

6       28.    In addition to shattering one of the windows to gain entry into Plaintiffs' home, Defendants damaged Plaintiffs' door by striking it with their flashlights. A window screen was damaged, a curtain rod was bent, a kitchen cabinet door was ripped off one of its hinges, and a closet was damaged.

10      29.    One of the Defendants found Mr. Cole's stun gun that he kept by his bedside for purposes of personal protection, walked up to Mr. Cole with the stun gun, and discharged the stun gun multiple times in Mr. Cole's face in a threatening manner.

13      30.    Mr. Cole asked Defendants for a band aid because his knee was bruised and raw from being slammed to the ground, which was littered with broken glass consequent to the Defendants' forced entry into Plaintiffs' home. One of the Defendants responded by stating, "we don't provide band aids."

17      31.    The Defendants refused to provide their names and badge numbers despite being asked for such information several times.

19      32.    Plaintiffs asked Defendants for the name of their supervisor and asked to speak with their supervisor. Defendants refused to provide the name of their supervisor and refused to make arrangements for Plaintiffs to speak with the supervisor on duty.

22      33.    Plaintiffs later learned that the supervising sergeant on duty had authorized the forcible entry into Plaintiffs' home and based on preliminary information received from the County of Butte Plaintiffs are informed and believe that Sergeant Jeff Young was the supervising sergeant on duty and authorized the forcible warrantless entry into Plaintiffs' home.

26      34.    One of the Defendants falsely accused Mr. Cole of being on parole.

27      35.    The Defendants interrogated Mr. Cole and Mr. Thomas and repeatedly attempted to coerce a confession from them that they had engaged in criminal activity. One of the

Defendants threatened to jail Mr. Cole and Mr. Thomas if they did not admit to engaging in criminal activity.

36. Both Mr. Cole and Mr. Thomas denied the Defendants' false accusations and resisted the Defendants' unlawful attempts at obtaining a false confession for some purported and unspecified crime.

37. The Defendants finally relented and removed Plaintiffs' handcuffs approximately 45 minutes later.

38. Upon leaving Plaintiffs' home, two of the Defendants were overheard talking. These two Defendants agreed that they would say that Plaintiffs were found hiding in the bathroom.

39. None of the Defendants apologized to Plaintiffs or attempted to explain their unlawful actions. One of the Defendants told Mr. Cole as he was leaving the home, "We don't hold grudges."

## STATEMENT OF DAMAGES

40. Defendants forcibly and without lawful justification entered Plaintiffs' home without a warrant.

41. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs were unlawfully seized, subjected to excessive force, threatened with deadly force, subjected to invasive, degrading and humiliating searches of their person and property.

42. Defendants' invaded Plaintiffs' right to personal privacy.

43. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs sustained damage to property.

44. Plaintiffs' claims for general damages include pain, suffering, embarrassment, humiliation, indignation, outrage, emotional distress, loss of liberty, and loss of cherished constitutional rights.

45. Plaintiffs' claims for damages also include economic losses resulting from the property damage caused by Defendants.

46.  Defendants and each of them is liable jointly and severally for Plaintiffs' injuries and damages pursuant to 42 U.S.C. section 1983; California Government Code sections 815.2, and 815.6, and California Civil Code section 52.1, as set forth below.

47.  Defendants' acts and omissions were intentional, willful, malicious, reckless, and in conscious disregard of Plaintiffs' protected rights.  As such and to deter future similar conduct by Defendants, Plaintiffs are entitled to an award of punitive damages against Defendants.

48.  Plaintiffs are further entitled to statutory damages and penalties pursuant to California Civil Code sections 52(b) and 52.1(b); and attorney fees and costs pursuant to 42 U.S.C. section 1988, California Civil Code sections 52(b) and 52.1(h), and other applicable statutes.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
**Fourth Amendment Violations: Unlawful Entry, Unlawful Seizure Excessive Force, Unlawful Search, Invasion of Privacy (Against Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 in their official and individual capacities)**

49.  Plaintiffs incorporate by reference the allegations set forth above and below.

50.  Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 acted under color of law, and conspired to deprive, and acting jointly and in concert with one another did deprive Plaintiffs of their clearly established constitutional rights pursuant to the Fourth Amendment to the United States Constitution.

51.  Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 entered Plaintiffs' home by use of unreasonable force, including deadly force, and did so without legal consent or probable cause in violation Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

52.  Defendants are liable for the intentional seizure of Plaintiffs without a warrant and without reasonable suspicion or probable cause.  The seizure of Plaintiffs by Defendants was not objectively reasonable under the circumstances.

53. The duration of Plaintiffs' seizure by Defendants was unreasonable under the circumstances.

54. Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 used excessive and unreasonable force on Plaintiffs. Defendants acted intentionally in using excessive and unreasonable force on Plaintiffs. The level of force used by Defendants was not objectively reasonable under the circumstances.

55. Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 searched the person of each Plaintiff without a warrant and probable cause to do so. Defendants acted intentionally and unreasonably in searching the person of each Plaintiff.

56. Defendants invaded Ms. Reed's right to privacy by causing the forced exposure of her body to strangers in violation of Ms. Reed's rights under the Fourth Amendment to the United States Constitution.

57. Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 searched the home of Plaintiffs Cole and Reed without a warrant and without probable cause to do so.

58. Defendants acted intentionally in searching the home of Plaintiffs Cole and Reed. The search of Plaintiffs' home by Defendants was unreasonable under the circumstances.

59. As a result of Defendants' unlawful, intentional, malicious, reckless and deliberately indifferent conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Supervisory Liability**
**(Against Defendants Young and Doe 1 through Doe 40**
**in their official and individual capacities)**

60. Plaintiffs incorporate by reference the allegations set forth above and below.

61. Defendants Young and Doe 1 through Doe 40 acted under color of law, and conspired to deprive, and acting jointly and in concert with their subordinates deprived Plaintiffs of their clearly established rights pursuant to the Fourth Amendment to the United States Constitution.

62. Defendants set in motion a series of acts by their subordinates that Defendants knew or reasonably should have known would cause their subordinates to deprive Plaintiffs of their clearly established rights pursuant to the Fourth Amendment to the United States Constitution. Defendants Young and Doe 1 through Doe 40 authorized their subordinates to take action or directed their subordinates in the acts that deprived Plaintiffs of these rights.

63. Further, Defendants know or reasonably should have known that their subordinates were engaging in the acts as alleged herein and that their conduct would deprive Plaintiffs of their constitutional rights as set forth herein. Defendants failed to act to prevent their subordinates from engaging in such conduct.

64. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered and will continue to suffer the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CAUSE OF ACTION
**Violation of California Civil Code § 52.1**
**(Against All Defendants)**

65. Plaintiffs incorporate by reference the allegations set forth above and below.

66. Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 interfered with the exercise and enjoyment of Plaintiffs' clearly established rights under United States and California law, which include, but are not limited to, the following:

    a. Fourth Amendment to the United States Constitution;

    b. California Civil Code section 43 - right of protection from bodily restraint or harm, from personal insult, and from defamation;

COMPLAINT FOR DAMAGES     *Jordan Cole et al. vs. County of Butte et al.*

-9-

        c.      California Civil Code Section 51.7 - right to freedom from violence.

67. Defendants violated Plaintiffs' clearly established rights under United States and California law by threats, intimidation and coercion.

68. Defendants injured Plaintiffs to prevent them from exercising their rights as set forth above.

69. Defendants' conduct was a substantial factor in causing harm to Plaintiffs.

70. Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 are liable to Plaintiffs because they breached mandatory duties owed to Plaintiffs pursuant to section 815.6 of the California Government Code.

71. Defendant County of Butte is liable for the wrongful conduct of the individual defendants under a theory of *respondeat superior* pursuant to section 815.2 of the California Government Code.

72. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees, statutory penalties, and costs to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FOURTH CAUSE OF ACTION
**Assault and Battery**
**(Against All Defendants)**

73. Plaintiffs incorporate by reference the allegations set forth above and below.

74. Defendants assaulted and battered Plaintiffs. Defendants' conduct was intentional, nonconsensual, harmful, offensive and without lawful justification. Further, Defendants' conduct caused Plaintiffs to be placed in fear of personal harm.

75. Defendants' conduct was a substantial factor in causing harm to Plaintiffs.

76. Defendant County of Butte is liable for the wrongful conduct of the individual defendants under a theory of *respondeat superior* pursuant to section 815.2 of the California Government Code.

77. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

78. Plaintiffs incorporate by reference the allegations set forth above and below.

79. The conduct of Defendants Angel, Hooks, Marsters, Panuke, Young and Doe 1 through Doe 40 was outrageous and directed at Plaintiffs.

80. Defendants' conduct was intended to cause injury or was in reckless disregard of the probability of causing injury to Plaintiffs and did in fact cause Plaintiffs serious emotional distress.

81. Defendants' conduct was a substantial factor in causing harm to Plaintiffs.

82. Defendant County of Butte is liable for the wrongful conduct of the individual defendants under a theory of *respondeat superior* pursuant to section 815.2 of the California Government Code.

83. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including costs to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### JURY TRIAL DEMAND

84. Plaintiffs hereby request a jury trial in this action.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Compensatory damages according to proof against all Defendants.
2. Special damages according to proof against all Defendants.
3. Statutory damages and penalties pursuant to California Civil Code sections 52(b) and 52.1(b).
4. Punitive damages in an amount according to proof against all Defendants.
5. Attorney fees and costs pursuant to 42 U.S.C. section 1988.
6. Attorney fees and costs pursuant to California Civil Code sections 52(b) and 52.1(h), and other applicable law.
7. Such other relief as the Court finds just and proper.

DATED: July 25, 2014

By: /s/ Jivaka Candappa
_____
JIVAKA CANDAPPA, Attorney at Law
for Plaintiffs JORDAN COLE, FINESSE REED, and DAVID THOMAS